UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARDO SANTIAGO, | ) | Case No. 08cv1882 BTM (WMc) |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF MEDICAL EXPERT FOR PHYSICAL EXAMINATION [Doc. No. 27]** |
| vs. | ) | |
| DR. OH, M.D., et al., | ) | |
| Defendants. | ) | |

Plaintiff brought suit under 42 U.S.C. §1983 against Defendants, a doctor and nurse who treated Plaintiff during his incarceration. Plaintiff alleges his eardrum was punctured during a procedure conducted by Defendants. Plaintiff now requests the Court to appoint a medical expert to examine Plaintiff and to provide a report of the expert's findings to Plaintiff and the Court. Plaintiff further requests the medical expert to be made available to testify as a witness on behalf of Plaintiff in any relevant proceedings which arise from Plaintiff's claim, including but not limited to trial. Defendants have not filed a response.

Plaintiff argues the Court should appoint an expert witness under Federal Rule of Civil Procedure 35(a), which states: "When the mental or physical condition of any party...is in controversy, the court in which the action is pending may order the party to submit to a physical examination...by a licensed or certified examiner." Plaintiff's reliance on Rule 35(a) is misplaced. This Rule is not intended to allow a party to request an order for examination of himself. Rather, under appropriate circumstances, Rule 35(a) allows the court to order a party to submit to a physical examination *at the request of an opposing party*. *Smith v. Carroll*, 602 F.Supp.2d 521 (D. Del. 2009) (emphasis added).

When an examination is ordered, the moving party must bear the expenses of the examination. 8A Charles Alan Wright, Arthur Miller & Richard L. Marcus, *Fed. Prac. & Proc.* § 2234 (2009)(citing *Klein v. Yellow Cab Co.*, 7 F.R.D. 169 (D.C. Ohio 1945)). The *in forma pauperis* statute, 28 U.S.C. § 1915, does *not* waive payment of fees or expenses for witnesses. *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989). *See also Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (holding the trial court did not err by denying the indigent prisoner plaintiff the opportunity to call witnesses because of the plaintiff's inability to pay witness fees and expenses). Therefore, the burden of payment of costs associated with an expert examination lies with the Plaintiff, not the Court or Defendants. Plaintiff has not established he can meet his burden to pay these costs.

Finally, Plaintiff has already been examined by numerous medical professionals who found that Plaintiff's eardrum was punctured. (Compl. ¶¶ 15–19.) It is not likely that yet another medical examination will provide additional information. To order a physical examination of a party is a discretionary decision of the Court. Plaintiff is indigent and cannot pay the required witness fees. Therefore, Plaintiff's Motion for Appointment of Medical Expert for Physical Examination is **DENIED.**

IT IS SO ORDERED.

DATED:  November 2, 2009

Hon.  William McCurine, Jr.
U.S. Magistrate Judge
United States District Court