# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO DESANTIAGO, CDCR #V-98424,<br><br>                              Plaintiff,<br><br>vs.<br><br><br>OH, M.D.; L. MARQUEZ,<br><br>                              Defendants. | Civil No.   08cv1882 BTM (WMc)<br><br>**ORDER DISMISSING DEFENDANT OH FOR FAILING TO PROSECUTE PURSUANT TO FED.R.CIV.P. 4(m)** |

   On July 21, 2011, this Court granted Defendant Marquez's Motion for Summary Judgment and issued an Order to Show Cause ("OSC") why Defendant Oh should not be dismissed from the action for want of prosecution pursuant to FED.R.CIV.P. 4(m). On August 26, 2011, Plaintiff filed two Motions for extensions of time of thirty (30) days to file his Notice of Appeal and respond to the Court's OSC [ECF Nos. 57, 59]. Plaintiff was granted these extensions of time and on September 16, 2011, Plaintiff filed his response to the Court's OSC [ECF No. 61].

/ / /

1       On December 29, 2008, this Court issued an Order directing the United States Marshal Service ("USMS") to effect service of Plaintiff's Complaint on Defendants Marquez and Oh. *See* Dec. 29, 2008 Order at 4. Plaintiff was instructed on how to fill out the forms necessary to forward to the USMS so that they could effect service. *Id.* Defendant Marquez was served with Plaintiff's Complaint but Defendant Oh's summons was returned unexecuted with the comments "Rec'd notice from litigation coordinator that dft no longer works for Dept of Corrections." [ECF No. 5].

      Plaintiff then requested that counsel for Defendant Marquez provide him with Defendant Oh's current address. Counsel declined this request on the grounds that they did not represent Defendant Oh. Plaintiff filed a Motion to Compel with the Court requesting a Court Order for counsel for Defendant Marquez to provide an address for Defendant Oh. [ECF No. 23]. On September 16, 2010, Magistrate Judge William McCurine, Jr. issued an Order directing counsel for Defendant Marquez to review the CDCR's records to determine whether their files contained a forwarding address for Dr. Oh. *See* Sept. 16, 2010 Order at 1. If no forwarding address was found, Defendants were directed to provide Plaintiff with any public information "which is likely to assist Plaintiff in locating and completing service of process on Dr. Oh." *Id.* at 1-2.

      On September 30, 2010, David Taglienti, counsel for Defendant Marquez, filed a declaration in which he stated that a review of the CDCR's files failed to show a forwarding address for Defendant Oh. *See* Taglienti Decl. at ¶¶ 3-4. However, Taglienti was able to find Dr. Oh's full name and an address on the Medical Board of California's website which he provided in his declaration. *Id.* at ¶ 5. Plaintiff was served with this declaration. *Id.* at 3. There is nothing in the Court's record to reflect that Plaintiff ever attempted service on Dr. Oh with the address provided by defense counsel.

      Instead, it appears based on Plaintiff's response to the OSC, that he took no action to effect service of Dr. Oh at this new address. It is Plaintiff's responsibility, as outlined in the Court's December 29, 2008 Order and corresponding IFP "package," to provide the necessary form and information to the USMS to effect service. "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons

and complaint.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett*, 912 F.2d at 275), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. *Id.* at 1421-22; *see also Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge.").

Here, Plaintiff remained silent. He was provided with what may have been Dr. Oh's current address one year ago but failed to take any action. Plaintiff claims that Defendants have been playing "hide and seek" when in fact, Plaintiff had a viable address to serve Dr. Oh for the last year but chose not to attempt service or provide the information to the USMS. In addition, Plaintiff has failed to request any extension of time to serve Dr. Oh and the one hundred twenty (120) days provided by FED.R.CIV.P. 4(m) has long since passed.

Therefore, the Court finds that dismissal of Defendant Oh for failure to prosecute pursuant to FED.R.CIV.P. 4(m) is warranted in this matter.

The Clerk of Court shall enter judgment dismissing Dr. Oh without prejudice and shall close the file.

**IT IS SO ORDERED.**

Dated: October 3, 2011

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge